ORIGINAL

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Karin Kramer (Cal. Bar No. 87346)
karinkramer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Petitioners

FILED
MAR 22 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAYMOND A. MIRRA, JR., RAM CAPITAL GROUP, LLC, D/B/A RAM CONSULTING GROUP, LLC, RAM CAPITAL II, LLC, RAM REALTY HOLDINGS, LLC, JOSEPH A. TROILO, JR., BRUCE KOLLEDA, MARK A. KOVINSKY, JOSEPH J. TROPIANO, JR., DANIELLE STEWART, RENEE M. SIGLOCH, FREDERICK FORTE, VIRGINIA L. HALL, BARI KUO, and SHELLY DEMORA,

Petitioners,

v.

FARELLA BRAUN + MARTEL, LLP,

Respondent.

CV 16 80068 MISC.

CASE NO.

**PETITIONERS' MIRRA, ET AL.'S (THE RAM DEFENDANTS') NOTICE OF MOTION AND MOTION FOR SANCTIONS**

Date: TBD
Time: TBD
Place: Courtroom 10
Judge: Honorable Haywood S. Gilliam, Jr.

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ....1

MEMORANDUM OF POINTS AND AUTHORITIES ....2

INTRODUCTION....2

RELIEF REQUESTED ....3

ARGUMENT ....3

I. THIS COURT HAS INHERENT POWER TO AWARD SANCTIONS BASED ON FARELLA BRAUN'S MISCONDUCT ....3

II. THE SANCTIONS REQUESTED ARE NARROWLY TAILORED TO COMPENSATE THE RAM DEFENDANTS FOR THE ACTUAL HARM CAUSED ....6

CONCLUSION ....7

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (2015) .......... 4, 5

*Corder v. Howard Johnson & Co.*, 53 F.3d 225 (9th Cir. 1994) .......... 4

*Doffermyre Shields Canfield & Knowles, LLC v. Cain*, No. 1:11-CV-00257-RWS, 2012 WL 113661 (N.D. Ga. Jan. 13, 2012) .......... 4

*Haeger v. Goodyear Tire & Rubber Co.*, --- F.3d ---, 2016 WL 625099 (9th Cir. 2016). .......... 5, 7

*Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994) .......... 5

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) .......... 3, 5

*Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276 (N.D. Cal. 2015) .......... 5

*In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060 (N.D. Cal. 2006) .......... 5

*Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983) .......... 3

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) .......... 4

*In re SK Foods, L.P.*, No. 2:12-CV-00940-JAM, 2012 WL 6698557 (E.D. Cal. Dec. 21, 2012) .......... 3, 4

*Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997 (D. Ariz. 2011) .......... 7

**Statutes**

Fed. R. Civ. P. 30(b)(6) .......... 5

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be determined by the Court, before the Honorable District Judge Haywood S. Gilliam, Jr. in Courtroom 10, Nineteenth Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, **if the Court does not grant the concurrently filed Motion to Transfer,** Defendants shall and hereby do move the Court to enter the accompanying Proposed Order, seeking sanctions from Farella Braun for its bad faith conduct in responding to a subpoena.

The RAM Defendants move based on this notice of motion and supporting memorandum of points and authorities, the concurrently filed Declaration of Julia M. Beskin, and such other written or oral argument as the Defendants may present to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioners/the RAM Defendants[1] respectfully submit this memorandum of points and authorities pursuant to Local Rule 7-8 in support of their Motion for Sanctions on the basis of bad faith conduct committed by Farella Braun + Martel, LLP ("Farella Braun") in willfully and unjustifiably withholding documents responsive to a subpoena noticed on March 3, 2015 (the "Subpoena").

**INTRODUCTION**

By this motion, the RAM Defendants seek sanctions for the conduct of the law firm of Farella Braun in failing to comply with its obligations related to a subpoena *duces tecum* issued over one year ago. Farella Braun's discovery misconduct did not come to light until recently, and only inadvertently, when a third party produced documents that Farella Braun should have produced in response to the Subpoena but did not. During the lengthy time that passed between when Farella Braun advised the parties that its production was "complete" and when the parties learned it was far from complete, the parties took 17 depositions, addressed many issues in motions, developed strategy, and otherwise conducted litigation activities for which these documents would have made a difference. Although it may never be possible to rectify fully the havoc that has been wreaked upon this litigation by Farella Braun's concealed wrongdoing, the RAM Defendants seek sanctions in an effort to ameliorate the damage as far as is possible.

For a full exposition of the facts, and to avoid repetition, the RAM Defendants refer the Court to the accompanying Motion to Compel Compliance with Subpoena *Duces Tecum*, dated March 22, 2016, and the exhibits attached thereto. For purposes of the present motion, the RAM

---

[1] Petitioners in this miscellaneous action are known as "the RAM Defendants" in the underlying action and include Raymond A. Mirra, Jr., RAM Capital Group, LLC, RAM Capital Group II, LLC, RAM Realty Holdings, LLC, Joseph A. Troilo, Jr., Bruce Kolleda, Mark A. Kovinsky, Joseph J. Tropiano, Jr. Danielle Stewart, Renee M. Sigloch, Bari Kuo, Frederick Forte, Virginia L. Hall, and Shelly Demora. Plaintiffs in the underlying action are The Hawk Mountain LLC, Gigi Jordan, Michelle E. Mitchell, and Kimberly Jordan. **For consistency, the parties will be referred to herein by their designations in the underlying action.**

Defendants incorporate by reference the statement of facts contained in the Memorandum of Points and Authorities in support of the RAM Defendants' Motion to Compel.

**RELIEF REQUESTED**

At this time, the RAM Defendants request only the following: (1) attorneys' fees incurred for the further deposition of four Farella Braun witnesses, including the time spent preparing for the depositions; (2) an order requiring that the depositions take place at the offices of the RAM Defendants' counsel in New York City, and that any travel expenses for these witnesses be borne by Farella Braun[2]; (3) attorneys' fees incurred for reviewing all late-produced documents; (4) costs associated with the depositions, including court reporter and videographer expenses; (5) fees and costs associated with taking a 30(b)(6) deposition of Farella Braun to determine what happened and whether appropriate searches have now been made; and (6) fees and costs associated with preparing this and the accompanying motions (to transfer and to compel) and for the meet and confer discussions.

The RAM Defendants reserve the right to seek additional fees and costs that may be necessitated by any additional follow-up required once they receive and review the withheld documents.

**ARGUMENT**

**I. This Court has Inherent Power to Award Sanctions Based on Farella Braun's Misconduct**

The RAM Defendants request that this Court award them the attorneys' fees and costs they have incurred and will incur because of Farella Braun's misconduct in improperly withholding thousands of responsive documents and hiding their decision to do so. District courts have "'inherent power' to impose sanctions for abuse of the judicial process," *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983), upon a "finding that the sanctioned

---

[2] Farella Braun recently agreed to produce Mark Petersen and Brian Donnelly for depositions in New York City at its own expense, but has not agreed to do so for Benjamin Elliot or Lara Gilman. Additionally, Farella Braun has not agreed to cover the RAM Defendants' attorneys' fees incurred in preparing for and taking those depositions.

party's behavior constituted or was tantamount to bad faith." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quotations omitted); *see also In re SK Foods, L.P.*, Nos. 2:12-CV-00940-JAM, 2:12-CV-00942- JAM; 2:12-CV-00943-JAM, 2012 WL 6698557, at * 5 (E.D. Cal. Dec. 21, 2012) (confirming an award of attorneys' fees against a nonparty law firm for failing to meet and confer to resolve an inadvertent disclosure issue); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991) (affirming imposition of sanctions on an individual for conduct before other tribunals that constituted an abuse of process); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980) ("If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes."); *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) ("[A] court may impose attorney's fees against a non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices. In addition, a court may impose attorney's fees to sanction a non-party whose actions or omissions cause the parties to incur additional expenses.").

As described in detail in the accompanying Motion to Compel, Farella Braun purposefully and unjustifiably withheld relevant, and in some instances, potentially case-dispositive documents that were responsive to the RAM Defendants' Subpoena. It withheld thousands of these documents allegedly on the basis of "privilege," even though its former client had expressly and impliedly waived privilege, and notwithstanding its knowledge of the parties' agreement that Farella Braun would turn over *all* responsive documents to Plaintiffs for privilege review. *See* Beskin Decl. Exs. 17, 18, 19. If Farella Braun believed, despite the privilege waiver and parties' agreement, that it still had some legitimate claim to withhold documents, it surely knew the right thing to do was to advise the parties and provide a privilege log—not to keep the existence of the documents a secret. A decision to hide relevant documents, if made by a third party, would be sanctionable. It is even more untenable when such conduct is engaged in by a law firm which counsels clients every day on their discovery obligations and fully understands the consequences of concealing documents and the prejudice it causes the litigants. *See, e.g., Doffermyre Shields Canfield & Knowles, LLC v. Cain*, No. 1:11-CV-00257-RWS, 2012 WL 113661, at * 4 (N.D. Ga. Jan. 13, 2012) ("As a law firm, Defendant Victor & Victor should be aware of the Federal Rules

of Civil Procedure and its obligation as a defendant to answer a complaint filed against it or else face default.").

Farella Braun's conduct, which was intentional and knowing, satisfies the standard for conduct that "constitutes or is tantamount to bad faith" in this context. *Leon*, 464 F.3d at 961. Courts have found bad faith in a variety of circumstances stemming from "a full range of litigation abuses," *Chambers*, 501 U.S. at 46, and "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994). Courts routinely find bad faith warranting sanctions for similar (or lesser) discovery abuses. Earlier this year, in *Haeger v. Goodyear Tire & Rubber Co.*, the Ninth Circuit found bad faith where the sanctionees had "adopted a plan of making discovery as difficult as possible, providing only those documents they wished to provide, timing the production of the small subset of documents they were willing to turn over such that it was inordinately difficult for Plaintiffs to manage their case." --- F.3d ---, 2016 WL 625099, at *9 (9th Cir. 2016). Specifically, the sanctionees had failed to turn over documents responsive to discovery requests, and the court held that this "decision to withhold documents was a bad faith attempt to hide responsive documents, which would not have been uncovered but for the sanctions proceedings." *See id.* at *9-10; *see also Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 290-91 (N.D. Cal. 2015) (imposing sanctions against a nonparty for "conceal[ing] the existence of and destroying call detail records despite knowledge that they were relevant to the litigation, and fail[ing] to adequately prepare 30(b)(6) witnesses); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006) (awarding monetary sanctions for the wrongful destruction of evidence); *Leon*, 464 F.3d at 961 (affirming an award of sanctions under the court's inherent power for a party's spoliation of evidence). Farella Braun too has selectively produced documents and deliberately failed to inform the parties that it was doing so. But for another third party production, the parties would never have known of these documents. *See* Beskin Decl. Ex. 23. Farella Braun has offered no explanation for its conduct.

## II. The Sanctions Requested are Narrowly Tailored to Compensate the RAM Defendants for the Actual Harm Caused

The requested sanctions are narrowly tailored to cover expenses incurred or which will be incurred by the RAM Defendants on account of Farella Braun's misconduct. Upon learning of potential deficiencies in Farella Braun's production, attorneys for the RAM Defendants have expended dozens of billable hours, including conferring with Farella Braun, in an effort to ascertain the ever-growing number of documents that were improperly withheld. These deficiencies came to light, moreover, more than a month after the RAM Defendants' New York counsel had taken the last of four depositions of Farella Braun witnesses in San Francisco, upon Farella Braun's representation (from July 21, 2015) that it had completed its production of documents. *See* Beskin Decl. Ex. 19. Because of the document-intensive nature of the underlying dispute, these depositions were purposefully scheduled after the RAM Defendants had an opportunity to review the Farella Braun-produced documents. Given the extraordinary number—and case-dispositive significance—of documents that were withheld by Farella Braun, all four of the depositions likely will now need to be retaken.[3] Re-deposing these witnesses will require a substantial amount of attorney time reviewing documents and otherwise preparing for the depositions. In addition, because the Farella Braun witnesses are in San Francisco, and the RAM Defendants' lawyers are in New York, travel will be required; Farella Braun should bear the inconvenience and expense associated with such travel.

Moreover, and although the RAM Defendants are limiting this sanctions application to the foregoing costs and fees, it is worth noting that Farella Braun's misconduct has caused substantial delay to the parties' case schedule in the District of Delaware. By the time the Farella Braun deficiencies were uncovered, the parties were just days away from the close of fact discovery, with

---

[3] In fact, an email involving Mark Petersen alone necessitates re-opening of at least Mark Petersen and Brian Donnelly's depositions. *See* Beskin Decl. Ex. 22. This email bears directly on the RAM Defendants' statute of limitations defense, which asserts that the Plaintiffs knew about the allegations of fraud underlying the complaint as far back as 2008. This is a case-dispositive issue, which will require additional questioning of the four Farella Braun deponents.

the deadline for party document productions having passed five months earlier, and only a few depositions remaining. The close of discovery signifies more than a date on the calendar; it reflects the fact that the facts are now known and case theories and motions have been planned in accordance with what discovery has revealed. As the parties await the supplemental production of documents from Farella Braun and the review of these documents by the parties that will follow, the parties have been forced to enter a new scheduling order postponing previously scheduled depositions for months, and extending other deadlines in the case.[4]

All of these impending costs and delays are a direct result of Farella Braun's actions, and Farella Braun should be the one to bear the consequences of its own bad faith misconduct. *See Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1008 (D. Ariz. 2011) (noting that the court "must determine which sanction best . . . restores the innocent party to their rightful litigation position"); *see also Haeger*, 2016 WL 625099, at *10 (finding monetary sanctions appropriate because the "[a] primary aspect of [the court's] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process") (quotations omitted). Given the obvious misconduct of Farella Braun in improperly withholding responsive documents and the prejudice that it has caused to the parties, the RAM Defendants respectfully submit sanctions are warranted.

## CONCLUSION

For the foregoing reasons, the RAM Defendants request the following: (1) attorneys' fees incurred for the further deposition of four Farella Braun witnesses and the 30(b)(6) deposition, including the time spent preparing for the depositions; (2) an order requiring that the depositions take place at the offices of the RAM Defendants' counsel in New York City, and that any travel expenses for these witnesses be borne by Farella Braun; (3) attorneys' fees incurred for reviewing all late-produced documents; (4) costs associated with the depositions, including court reporter

---

[4] On March 4, 2016, Magistrate Judge Fallon entered a Stipulation and Order agreed upon between the parties, allowing for the RAM Defendants to re-depose the four Farella Braun deponents, notwithstanding the fact discovery deadline. *See* Beskin Decl. Ex. 27.

and videographer expenses; (5) fees and costs associated with taking a 30(b)(6) deposition of Farella Braun to determine what happened and whether appropriate searches have now been made; and (6) fees and costs associated with preparing this and the accompanying motions (to transfer and to compel) and for the meet and confer discussions. Further, the RAM Defendants reserve the right to seek additional fees and costs that may be necessitated by any additional follow-up required once they receive and review the withheld documents.

DATED: March 22, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s Karin Kramer

Karin Kramer
karinkramer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600
(415) 875-6700 facsimile

*Attorneys for Petitioners/the RAM Defendants*