UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RAYMOND A. MIRRA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FARELLA BRAUN + MARTEL, LLP,<br><br>　　　　Defendant. | Case No.16-mc-80068-LB<br><br>**ORDER ON SEALING &<br>STATUS OF CERTAIN EXHIBITS** |

The court has denied two sealing motions in this case: one by the petitioners and one by the "interested parties" who describe themselves as plaintiffs in the underlying Delaware suit. (*See* ECF Nos. 1, 11, 21, 46.)[1] The court denied both motions primarily because they inadequately explained why the target material could be kept from public access under Local Rule 79-5 and the governing standard of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The interested parties' submission also failed to fully comply with Local Rule 79-5(d)'s instructions about the form in which sealing material must be filed and submitted to court.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER (No. 16-mc-80068-LB)

**1. The petitioners**

The exhibits that the petitioners sought to seal — Exhibits 3, 4, 12, 15, 16, and 22 to the Beskin Declaration (*see* ECF No. 1 at 2) — are currently in a sort of limbo. They were not effectively filed as sealed exhibits; they were not filed on the open docket. There is, then, in a sense no usable version of this material before the court. After the court denied their sealing request, the petitioners did not file a new motion to seal. Nor had they e-filed the target exhibits (though they did manually file this material with the court). Presumably, the petitioners still mean to use this material in arguing their case.

The court asks the petitioners to explain how they want to proceed. Do they still want to seal the material? If they do, then a new sealing motion is needed. Among other things, the petitioners should e-file redacted and unredacted versions of their documents, which the petitioners can provisionally seal themselves on ECF until the court rules on the new motion. *See generally* Civil L.R. 79-5(a) "'file' means . . . to electronically file . . . a document that is submitted by a registered e-filer in a case that is subject to e-filing"); 5-1(b) ("[S]ealed documents within unsealed cases shall be filed electronically . . . .").

Do the petitioners instead want to simply file the material on the ECF docket — openly and publicly accessible? If they do, then they must e-file the material themselves. Because the exhibits were not e-filed, the court cannot directly manipulate them in ECF to open them to public access and so effectively re-file them for the petitioners.

Or do the petitioners not want to rely on these particular exhibits? That seems unlikely. But it is the petitioners' case, after all, and, at least in theory, this is an option.

**2. The interested parties**

The court similarly assumes that the interested parties will file a new sealing motion, properly supported and in compliance with Local Rule 79-5, or choose to file the target material on the open docket.

ORDER (No. 16-mc-80068-LB)        2

### 3. General considerations

The court encourages the parties to review the Ninth Circuit's decision in *Kamakana, supra*, particularly the discussion of sealing in connection with non-dispositive motions. *See Kamakana*, 447 F.3d at 1178-80, 1185-87. The court would also ask the parties to review Local Rule 79-5 in all its glorious detail.

The court does not wish to insist on observing ministerial minutiae for their own sake. But the demands that the court is making of the parties in connection with sealing will help the court both to discharge its own substantive responsibilities and to better address the parties' dispute. The Ninth Circuit in *Kamakana* emphasized the importance of public access to court documents. *Kamakana*, 447 F.3d at 1178-79. The court then held that, where non-dispositive motions are concerned — as they are here — a party must make a "particularized showing" that "good cause" exists to seal the records. *Id.* at 1179-80. The good-cause standard here is that of procedural Rule 26(c). *See id.* Under that rule, in this context, the court may seal documents that will expose a party to "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The rule indirectly gives "trade secret[s]" as an example of material that might be protected; and, in *Kamakana*, "medical records" were found properly sealed. Fed. R. Civ. P. 26(c)(1)(G); *Kamakana*, 447 F.3d at 1186. This is not the most exacting standard in the world but it cannot be wholly ignored. Thus, when one of the parties in *Kamakana* complained that the magistrate judge had been too meticulous in analyzing its sealing request for good cause, the Ninth Circuit disagreed. *Id.* at 1186-87. "To the contrary," the appeals court wrote,

> we embrace the judge's decision to carefully review every document in light of the change in intervening law and in the face of the somewhat tepid and general justifications offered for sealing the documents. . . . The judge took seriously the presumption of public access and did so in accord with precedent from the Supreme Court and this court.

*Id.* The court upheld both the magistrate judge's searching review and her conclusions on sealing. *Id.*

Having the material in the form that Local Rule 79-5 requires helps the court to accurately and more speedily analyze the parties' arguments. It also helps the court ensure that it uses, discusses,

ORDER (No. 16-mc-80068-LB)   3

and cites the material in a way that is appropriate to its apparently sensitive nature.

The court thanks the parties for their attention to this matter.

**IT IS SO ORDERED.**

Dated: April 20, 2016

_____
LAUREL BEELER
United States Magistrate Judge